IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALICE RUIZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No.  3:11-CV-1706-BH |
| § | |
| CAROLYN W. COLVIN, ACTING § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the consent of the parties and the *Order Reassigning Case*, dated July 27, 2011, before the Court are *Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412*, filed December 19, 2012 (doc. 27), and *Plaintiff's Motion for Additional Attorney Fees for Defense of [Her] Motion for Attorney Fees Under the EAJA*, filed January 16, 2013 (doc. 32). Based on the relevant filings, evidence, and applicable law, Plaintiff's motions for attorney's fees are **GRANTED, in part.**

**I.   BACKGROUND**

On July 18, 2011, through counsel, Plaintiff filed a complaint seeking reversal and remand of the Commissioner's decision denying her applications for Social Security disability insurance benefits and supplemental security income. (*See* doc. 1.) On September 30, 2012, the Court entered judgment, reversing and remanding the case for further proceedings. (*See* doc. 23.) Plaintiff then moved for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (doc. 27), and the Commissioner objected to the amount of fees sought (doc. 30). Plaintiff subsequently filed a motion for additional attorney's fees for defense of her first motion. (doc. 32.)

## II.   ANALYSIS

Pursuant to the EAJA, the Court must award attorney's fees and expenses if (1) the claimant is the "prevailing party";[1] (2) the Government's position was not "substantially justified"; and (3) there are no special circumstances that make an award unjust. *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). The attorney's fees awarded under the EAJA must be reasonable, however. *See* 28 U.S.C. § 2412(b). The claimant has the burden of demonstrating that the hours requested were reasonably expended on the prevailing claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990); *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 601 (N.D. Tex. 2000) (Fitzwater, C.J.) (citations omitted).

Here, as the prevailing party, Plaintiff has requested $5,787.90 in attorney's fees based on 30.75 hours at an hourly rate of $177.91 of attorney time spent in 2011 and 1.75 hours at an hourly rate of $181.24 of attorney time spent in 2012. (doc. 27-1 at 6.) She also requests $453.10 based on 2.5 hours at an hourly rate of $181.24. of attorney time spent in 2012 defending her original motion for attorney's fees. (doc. 32 at 1.) Counsel has submitted itemized billing statements detailing the time she devoted to the case and to defending her first motion for fees. (*See* docs. 27-2, 31-1 at 1.)

The Commissioner does not object to the number of hours for which Plaintiff requests compensation. She takes issue with the hourly rates that Plaintiff seeks, as well as with her request that that the fee award be paid directly to counsel. (D. Br. at 1, 3.)

### A.   Hourly Rate

Plaintiff requests that the $125 hourly rate under the EAJA be adjusted using the average

---

[1] To be the "prevailing party" for purposes of the EAJA, a social security claimant must obtain a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency. *Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993); *Goin v. Colvin*, No. 3:12-CV-2471-B, 2013 WL 1797862, at *2 (N.D. Tex. Apr. 29, 2013).

consumer price index (CPI) for the Urban South, which was $177.91 for 2011 and $181.24 for the first half of 2012.[2] (Pl. Br. at 4.) The Commissioner acknowledges that she has agreed to these rates in the past, but cites recent precedent from the Northern District of Texas finding that the CPI that most accurately applies in this case is that of the Dallas-Fort Worth area, which was $168.27 for 2011 and $172.14 for 2012.[3] (D. Br. at 2.)

The EAJA allows an upward adjustment of attorney's fees for increases in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A). The Fifth Circuit has explained that although the fee adjustment need not "track the cost-of-living index for a particular geographical area," this index is a "significant" indicator. *Baker v. Bowen*, 839 F.2d 1075, 1082–83 (5th Cir. 1988). In *Baker*, the Court found that the court-by-court "exercise of rate-setting discretion had resulted in 'a multiplicity of conflicting views within the Dallas courts' and 'confusion and bewilderment among the bar and litigants.'" *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (per curiam) (citing *Baker*, 839 F.2d at 1082.) The Court emphasized the importance of applying uniform principles in calculating fee adjustments, explaining that "unlike determinations of other 'special factors,' the cost of living and the availability of attorneys are problems that affect each litigant within a district to the same degree." *Baker*, 839 F.2d at 1083. Accordingly, the Court remanded the five consolidated cases, holding "that a determination of the appropriateness of [fee award] increases should be *uniform* in

---

[2] The CPI, as furnished by the U.S. Department of Labor's Bureau of Labor Statistics, has been used to determine the appropriate amount for cost of living increases pursuant to EAJA. *Cavazos v. Astrue*, No. CA C-09-361, 2011 WL 1004941, at *4 (S.D. Tex. Mar. 1, 2011), *rec. adopted*, 2011 WL 977519 (S.D. Tex. Mar. 16, 2011) (citing *Bode v. United States*, 919 F.2d 1044, 1053 n. 8 (5th Cir. 1990) (per curiam)). The CPI for the Urban South was $218.618 for 2011 and $222.708 for the first half of 2012. (*See* doc. 27-1 at 4.) Multiplying the statutory base of $125 under the EAJA by the CPI percentage increase since 1996 (the year the EAJA was amended to set $125 as the hourly rate for attorney's fees) yields an hourly rate of $177.91 for 2011 and $181.24 for 2012.

[3] In the Dallas–For Worth area, the CPI was $207.933 for 2011 and $211.52 for the first half of 2012. (*See* doc. 30-1 at 1.) Accordingly, multiplying $125 by the CPI increase since 1996 yields an hourly rate of $168.27 for 2011 and $172.14 for the first half of 2012.

the Dallas federal courts." *Baker*, 839 F.2d at 1079 (emphasis added). Notably, although *Baker*'s "ruling did not mandate rate uniformity across the *entire federal district*," it recognized that "rate fluctuations among federal courts serving the *same city* are arbitrary." *Yoes*, 467 F.3d at 427 (emphasis added).

Based on *Baker* and post-*Baker* cases from the Northern District of Texas, a court in this division recently held that the CPI that most accurately applied to a case litigated in this division for purposes an EAJA fee adjustment was that of the Dallas-Fort Worth area, rather than the Urban South. *See Skinner v. Colvin*, No. 3:12-CV-02349-BK (N.D. Tex. May 1, 2013) (citing to *Benton v. Astrue*, No. 3:12-CV-0874-D, 2013 WL 818758, at *1 (N.D. Tex. Mar. 5, 2013) (Fitzwater, C.J.); *Anderson v. Astrue*, No. 4:11-CV-317-Y (N.D. Tex. Feb. 21, 2013)). In *Skinner*, the court construed *Baker*'s holding as "requir[ing] uniformity within the Dallas division" and determined that applying the Dallas-Fort Worth area CPI in that case was "consistent" with recent precedent.[4] *Id.* at 2–3. By contrast, another recent case from this division rejected the Commissioner's contention that the Dallas-Fort Worth area CPI should apply, based in part, on the claimant's argument that "the national rate [was] the more appropriate and consistent rate applied to [counsel]" because he was "an interstate attorney and only a small percentage of his work occur[red] in Dallas." *Goin*, 2013 WL 1797862, at *5. The Court agrees with the reasoning in *Skinner* that *Baker* generally requires uniformity in cost-of-living adjustments within courts located in the same city or division. *See Yoes*, 467 F.3d at 427; *Baker*, 839 F.2d at 1085. Because fee adjustments need not necessarily "track the

---

[4] In *Benton*, after noting the claimant's failure to respond to the Commissioner's argument that the Dallas-Fort Worth area CPI should be used, the court acknowledged that it had approved a higher rate in the past, but held that the Dallas-Fort Worth area CPI was the most appropriate in that case. *Benton*, 2013 WL 818758, at *1. Similarly, the court in *Anderson* "agree[d] with the [Commissioner] that the [CPI] for the Dallas-Fort Worth area [was] the appropriate CPI to use to ascertain a reasonable fee . . . under the EAJA, adjusted for cost-of-living increases." *Anderson*, No. 4:11-CV-317-Y, at *1.

cost-of-living index for the geographical area," and because "unusual circumstances" may sometimes warrant a greater or lesser adjustment, however, federal courts retain the discretion to "conservatively adjust the rate" according to the facts of each case. *See Baker*, 839 F.2d at 1079; *see also Groin*, 2013 WL 1797862, at *5.

In her reply, Plaintiff argues only that the Urban South CPI should apply because "[i]n at least two cases decided by the Northern District of Texas, [Plaintiff's counsel] was awarded attorney fees based on the CPI for the Urban South without objection by the Commissioner." (Pl. Reply at 4.) Nevertheless, given Plaintiff's failure to identify any unusual circumstances such as those alleged by the claimant in *Goin*, the most appropriate CPI to apply in this case is that of the Dallas-Fort Worth area. *See Baker*, 839 F.2d at 1079; *Skinner*, No. 3:12-CV-02349-BK, at 2–3. Accordingly, the applicable hourly rate in this case is $168.27 for work performed in 2011 and $172.14 for work performed in 2012.

**B.    Receipt of Payment**

Plaintiff also requests that the EAJC fee award be made payable directly to counsel, unless the fees "are subject to any offset under the Treasury Offset Program." (Pl. Br. at 5.)

The Supreme Court has held that a fee award under the EAJA must be paid directly to a claimant who is found to be the "prevailing party" in the case, rather than to his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 2528–29 (2010). Adhering to *Ratliff*'s express holding, courts in the Fifth Circuit have declined to allow for payment to be made directly to counsel, even in cases where the fee award is not subject to any offset by the government. *See, e.g.*, *Goin*, 2013 WL 1797862, at *6 ("conclud[ing] that the [most] prudent course [was] to follow the express holding of *Ratliff* and require that EAJA fees be made payable to [the] Plaintiff and not his counsel";

acknowledging "the potential need to amend a final judgment should the government later learn within the relevant time frame that it is entitled to offset EAJA fees to pay a debt [owed] to the government"); *Skinner*, No. 3:12-CV-02349-BK, at *2 (holding that pursuant to *Ratliff*, "EAJA awards are payable directly to the prevailing party, not his attorney"); *Yearout v. Astrue*, No. 3:10-CV-0430-L-BH, 2011 WL 2988421, at *3 n. 2 (N.D. Tex. Mar. 15, 2011), *rec. adopted*, 2011 WL 2990368 (N.D. Tex. July 22, 2011) (same); *see also Jackson v. Astrue*, 705 F.3d 527, 531 and n. 11 (5th Cir. 2013) (noting that in contrast to fees awarded under § 406(b) of the Social Security Act, "EAJA fees are paid to the claimant, who may or may not tender the award to counsel"; and that "[b]ecause the government pays EAJA fees directly to the litigant, the fees are also subject to an offset to satisfy any pre-existing debt that the litigant [may] owe[] to the federal government) (citing *Ratliff*, 130 S. Ct. at 2524).[5] Accordingly, the award of attorney's fees in this case is to be made payable directly to Plaintiff and mailed to Plaintiff's counsel.

### III. CONCLUSION

*Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412*, filed December 19, 2012 (doc. 27), and *Plaintiff's Motion for Additional Attorney Fees for Defense of [Her] Motion for Attorney Fees Under the EAJA*, filed January 16, 2013 (doc. 32), are **GRANTED in part.** Plaintiff is awarded a total of $5,905.90 in attorney's fees computed as follows:

---

[5] Plaintiff urges that unless the attorney's fees are found to be subject to a government offset, the award should be "paid directly to the order of Coats & Todd, P.C., in accord with the assignment signed by Plaintiff." (Pl. Reply at 6.) Although in *Ratliff* the Supreme Court distinguished the case from other cases in which the government had paid EAJA awards directly to the claimant's attorney pursuant to a "nonstatutory" agreement (*e.g.*, an assignment from the claimant to his attorney) (*see Ratliff*, 130 S. Ct. at 2529), Plaintiff fails to identify any Fifth Circuit precedent published after *Ratliff* that allowed for that type of payment arrangement.

- $5,475.55, based on 30.75 hours of attorney work performed in 2011 at an hourly rate of $168.27 ($5,174.30) and 1.75 hours of attorney work performed in 2012 at an hourly rate of $172.14 ($301.25); and

- $430.35, based on 2.50 hours of attorney work performed in 2012, in defense of her original motion for attorney's fees, at the hourly rate of $172.14.

SO ORDERED this 20th day of September, 2013.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE